50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest HANCOCK, Plaintiff-Appellant,
v.
Fife SYMINGTON, Governor of Arizona; Richard Mahoney,
Secretary of State, Arizona; Grant Woods,
Attorney General, Defendants-Appellees.
 No. 93-16691.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1994.
Decided March 3, 1995.
 
 Appeal from the United States District court for the District of Arizona, No. CV-91-01081-CAM; C.A. Muecke, District Judge, Presiding.
 Before TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Ernest Hancock, acting pro se, brought suit in district court on July 3, 1991, alleging that several of Arizona's election laws violated his federal constitutional rights as an independent voter and independent candidate for office because they treated independent members differently from members of political parties. In 1992, Hancock ran as an independent candidate for the Arizona House of Representatives and lost in the general election.[1] On August 5, 1993, the district court granted the state's motion for summary judgment and denied Hancock's motion for summary judgment. The court noted that several of Hancock's claims were moot because of new amendments to Arizona's election laws. On September 3, 1993, Hancock appealed.
 
 
 3
 On December 21, 1993, after the district court's decision and after appeal was taken, Hancock registered as a member of the Libertarian party. On June 28, 1994, the Libertarian party achieved ballot status, and in the general election, the Libertarian party fielded over 35 candidates for office. After Hancock registered as a Libertarian member, the state moved to dismiss the appeal as moot because Hancock is no longer independent. We agree and dismiss this appeal as moot.
 
 DISCUSSION
 
 4
 Hancock raises ten issues on appeal, all of which focus on the alleged hardship that Arizona's election laws pose to independent voters and candidates. Specifically, Hancock alleged that:
 
 
 5
 (1) A.R.S. Sec. 16-341 is unconstitutional because it allows an independent candidate for a state legislative seat only six weeks to campaign after achieving ballot access;
 
 
 6
 (2) A.R.S. Sec. 16-341 is unconstitutional because it allows an independent candidate to obtain for his nomination only the signatures of those who did not vote in the preceding primary election;
 
 
 7
 (3) A.R.S. Sec. 16-341 is unconstitutional because it allows an independent candidate only a ten-day period following the primary election within which to collect signatures for his nomination petition;
 
 
 8
 (4) A.R.S. Sec. 16-341 is unconstitutional because it requires an independent candidate to obtain at least one percent of the signatures of the qualified electors for the office he seeks;
 
 
 9
 (5) A.R.S. Sec. 16-132 is unconstitutional because it requires that deputy registrars be appointed by the County Recorder via nomination by the political parties;
 
 
 10
 (6) A.R.S. Sec. 16-168 is unconstitutional because it exempts certain political parties, but not independent members, from the requirement of paying for each county's registered voter list;
 
 
 11
 (7) A.R.S. Sec. 16-169 is unconstitutional because it provides a list of all voters participating in the primary election to each party's county chairman, but not to independent candidates;
 
 
 12
 (8) A.R.S. Sec. 16-571 is unconstitutional because it allows representatives of the two major political parties, but not independent candidates, to obtain automatically a list of all those voting in the past election;
 
 
 13
 (9) Arizona's closed party primary system is unconstitutional because it allows a party to bar independent members from voting in its primary; and
 
 
 14
 (10) A.R.S. Sec. 16-531 is unconstitutional because it requires that the inspector, marshall, and judge of each election precinct's board of elections shall be a member of one of the two largest political parties.
 
 
 15
 All of the above claims are moot because Hancock, as a Libertarian party member, does not have standing to assert the claims of an independent voter or candidate for office.[2] See Sample v. Johnson, 771 F.2d 1335, 1339 (1985), cert. denied, 475 U.S. 1019 (1986) (noting that " '[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)' ") (quoting United States Parole Commission v. Geraghty, 445 U.S. 388 (1980)). Moreover, Hancock's first five claims regarding Secs. 16-341 and 16-132 were remedied by recent amendments to Arizona's election laws. See Secs. 16-341, 16-132 (as amended, January 1, 1994).
 
 
 16
 Hancock contends that, as of November 1, 1993, the Libertarian Party was no longer recognized as a party and that without party status for the Libertarian party, all voters that have designated "Libertarian" as a party preference share identical voter status with independent voters. This claim is unavailing, however, because the Libertarian party became a recognized party and achieved ballot status on June 28, 1994. We take judicial notice that in the 1994 election cycle, the Libertarian party became a recognized party in Arizona and placed on the general election ballot over 35 candidates.
 
 
 17
 We also take judicial notice that the Libertarian party will lose its recognized party status in January, 1995 because it did not win enough votes in the general election to ensure permanent ballot status. Without recognized party status, members of the Libertarian party arguably share the same status as independent members. Under current mootness doctrine, however, this fact does not save Hancock's claims from being moot. Hancock can avoid mootness if he can show that his injury was " 'capable of repetition, yet evading review.' " Sample v. Johnson, 771 F.2d at 1339 (quoting Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498 (1911)). This is a very high standard. The "capable of repetition doctrine is applied only in exceptional situations where the plaintiff can reasonably show that he will again be subject to the same injury." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (unlikely that plaintiff will again be subject to police chokehold)).
 
 
 18
 Here, one of the goals of the Libertarian party is to become a recognized party and to place itself on the ballot. The Libertarian party placed itself on the ballot this past election and fielded over 35 candidates. There is, of course, the possibility that the Libertarian party will not become a recognized party and achieve ballot status in time for the 1995 general election. But that possibility does not rise to the level of an exceptional situation where Hancock can reasonably show that he will again be subject to the same injury.
 
 
 19
 Similarly, the fact that Hancock may change his status back to independent does not save his claims from being moot. In Sample, this circuit held that the burden was on the plaintiff to show a "very significant possibility" of the injury happening again to the plaintiff. Sample, 771 F.2d at 1343. Here, Hancock has not demonstrated a very significant possibility that he will change his status back to independent. Indeed, we take judicial notice that Hancock ran as the Libertarian candidate for Secretary of State for Arizona in the 1994 election. Hancock's significant involvement in the Libertarian party suggests that there is not a very significant possibility that he will change his status back to independent.
 
 
 20
 The appeal is DISMISSED as moot.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hancock registered as an independent on August 5, 1990
 
 
 [2]
 None of Hancock's claims are moot simply for the reason that the election is over. In Moore v. Ogilvie, 394 U.S. 814, 816 (1969), the Supreme Court held that appellants could still challenge an election law even though the election was over. The court noted the problem was one that was "capable of repetition, yet evading review." Id. at 816